IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BFG CORPORATION d/b/a Byline Financial Group <u>as assignee of</u> DE LAGE LANDEN FINANICAL SERVICES, INC., ) ) ) ) | |
| Plaintiff, ) ) | Case No. 22-CV-3502 |
| v. ) ) | Judge Robert W. Gettleman |
| VENTURE EQUIPMENT, LLC, and STEVEN MERRITT, ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff BFG Corporation, as assignee of De Lage Landen Financial Services, Inc. ("DLL"), has brought a three-count complaint against defendants Venture Equipment, LLC ("Venture"), and Steven Merritt ("Merritt") (collectively, "defendants"). Counts I and II allege breach of contract under Illinois law. Count II is associated with Count III, which alleges breach of personal guaranty under Illinois law. On September 30, 2022, plaintiff moved for summary judgment on all counts (Doc. 6). For the reasons stated below, the court grants plaintiff's motion.

**BACKGROUND**

The court takes the relevant facts primarily from the parties' Local Rule 56.1 statements. On or around December 22, 2020, defendant Venture (also known as "obligor") entered into an equipment finance agreement ("Agreement-1") with DLL. In accordance with Agreement-1, DLL financed certain equipment, which obligor "took delivery [of] and accepted." DLL subsequently assigned its rights under Agreement-1 to plaintiff. After this assignment, obligor

1

became responsible for fifty-one (51) monthly payments to plaintiff. Obligor failed to make its April 1, 2022, payment, as well as all subsequent payments. Failure to make a payment when the payment is due is an "event of default" under Agreement-1. According to plaintiff, obligor owes plaintiff $75,162.00 under Agreement-1.

This case involves a second agreement between plaintiff and obligor. On or around February 6, 2020, obligor entered into an equipment finance agreement ("Agreement-2") with plaintiff, and obligor also took delivery of and accepted the equipment specified in Agreement-2. Plaintiff confirmed acceptance of this equipment and funded the supplier. While Agreement-2 provides for forty-eight (48) monthly payments from obligor to plaintiff, obligor failed to make the April 1, 2022, payment, as well as all subsequent payments. Failure to make a payment when the payment is due is an "event of default" under Agreement-2, which provides that the obligation to make all payments and other sums due is "absolute and unconditional, and shall not be subject to any abatement, reductions, set-off, defense, counterclaims, interruption, deferment or recoupment, for any reason whatsoever." Agreement-2 also indicates that plaintiff is entitled to recover unpaid rents, in addition to attorneys' fees and court costs, in the event of default. According to plaintiff, obligor owes plaintiff $113,829.67 after defaulting under Agreement-2.

Plaintiff also claims that defendant Merritt ("guarantor") "unconditionally and irrevocably guaranteed" plaintiff both prompt payment and performance under Agreement-2, "[i]n order to induce Plaintiff to enter into Agreement-2 with Obligor." Guarantor is obligor's sole member-manager. Defendants dispute plaintiff's characterization of guarantor's reasoning for signing the personal guaranty, which also waived all defenses. In any case, according to plaintiff, guarantor is obligated to pay plaintiff "for the principal amount due of $113,829.67" because guarantor defaulted on the guaranty by failing to make the April 1, 2022, payment and

all subsequent payments, under Agreement-2. In the event of default under the guaranty, guarantor is liable "for all amounts due under [Agreement-2], all expenses, including attorney's fees incurred by [plaintiff] in enforcing its rights against Guarantor or Obligor." Guarantor is liable even if plaintiff does not first proceed against obligor or against the products or other collateral covered by Agreement-2.

Discovery has not yet begun in this case. Plaintiff supports its motion for summary judgment with an affidavit by its customer service manager, Bridget Seifert, that affirms its allegations. Plaintiff also attaches Agreements-1 and -2, as well as its default and acceleration calculation form.

## LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden to show that there is no genuine dispute of material fact preventing the entry of judgment in its favor as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Supreme Court has determined that a fact is "material" when it may affect the outcome of the suit under the governing law and the dispute is "genuine" when the evidence is such that a reasonable jury could return a verdict for the nonmovant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court's function is limited to determining whether the parties have provided sufficient evidence to support a factual dispute that warrants submission to a jury for resolution at trial. See id. at 249. The court must view all facts in the light most favorable to the nonmovant and draw all reasonable inferences in his favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). But the

nonmovant must do more than raise "some metaphysical doubt as to the material facts." Id. at 586. Rather, the nonmovant "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## DISCUSSION

Plaintiff moves for summary judgment on all three counts of their complaint. Plaintiff argues that there is no genuine dispute that defendant Venture (obligor) failed to comply with the terms of Agreements-1 and -2, and that defendant Merritt (guarantor) breached the guaranty by failing to make payments when they were due. Plaintiff argues that no reasonable jury could find for defendants on Counts I and II for breach of contract, or Count III for breach of guaranty, and seeks $188,991.67 (the sum of $75,162.00 from Agreement-1 and $113,829.67 from Agreement-2) from defendants.

The court begins by evaluating plaintiff's arguments for summary judgment on Counts I and II. To establish a breach of contract under Illinois law, a plaintiff must show: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) injury to the plaintiff. See Elson v. State Farm Fire and Cas. Co., 691 N.E.2d 807, 811 (Ill. App. 1st Dist. 1998). According to plaintiff, it is entitled to summary judgment on Counts I and II because no reasonable jury could find for defendants on any of these elements. For example, the parties do not dispute that Agreements-1 and -2 are valid and enforceable contracts, or that defendants failed to make the April 1, 2022, payment, and all subsequent payments, under both agreements. Conversely, defendants argue against summary judgment by urging the court to find that there is a genuine dispute whether plaintiff performed under these agreements.

The court rejects defendants' assertion that a reasonable jury could find that plaintiff did not perform its obligations under Agreements-1 and -2. Defendants do not dispute that DDL provided defendant Venture with financing under Agreement-1, and they also do not dispute that plaintiff provided defendants with financing under Agreement-2. Rather, what defendants dispute is plaintiff's assertions that plaintiff "performed in accordance with" both agreements. Defendants view these assertions as "conclusory allegation[s] supported by citations to conclusory allegations in the complaint and the affidavit." It is true that plaintiff cannot support its motion for summary judgment merely with an affidavit that "is a virtual replica of [its] complaint." See Malec v. Sanford, 191 F.R.D. 581, 585 (N.D. Ill. 2000). The court, however, disagrees with defendant in this case because plaintiff has supported its assertions by attaching a copy of Agreements-1 and -2 to its complaint. Moreover, defendants provide no evidence to suggest that plaintiff failed to perform under either agreement, which defeats this defense.[1]

Other than disputing performance, defendants argue that there is a genuine dispute regarding plaintiff's allegations of damages ("the amount owed" and the "methods of calculating") under the agreements. In their response to plaintiff's statement of material facts, defendants "object" to plaintiff's assertions that defendants owe $75,162.00 and $113,829.67 "[a]s a consequence of Obligor's default and failure to pay the balance due." According to defendants, these assertions "contain[ ] a legal argument," citing Local Rule 56.1(d)(4).[2]

The court acknowledges that whether obligor or guarantor defaulted under the agreement is a legal question. That being said, whether defendant defaulted under the agreements is a

---

[1] If defendants believed that additional facts would raise a genuine dispute regarding plaintiff's performance under the agreements, they should have filed a statement of additional facts under Local Rule 56.1(b)(3)(B). The local rules do not set forth a consequence for failing to provide a statement of additional facts that would require denial of summary judgment. See, e.g., Midwest Imports, Ltd. v. Coval, 71 F.3d 1311, 1316 (7th Cir. 1995).
[2] Moreover, a more appropriate response to a movant's inclusion of legal conclusions in its statement of material facts would be a motion to strike, not an argument for denial of summary judgment. See, e.g., Malec v. Sanford, 191 F.R.D. 581, 583 (N.D. Ill. 2000).

5

question of contract interpretation. In this case, defendants do not dispute that Agreements-1 and -2 state that failure to make timely payments is an event of default. Default is a breach of contract. Defendants provide no evidence that would allow a reasonable jury to come to a contrary conclusion, entitling plaintiff to summary judgment on Counts I and II.

Similarly, plaintiff is entitled to summary judgment on Count III for breach of guaranty. To establish a prima facie case for breach of guaranty, a plaintiff must establish: (1) the original indebtedness; (2) the debtor's default under their indebtedness; and (3) the guaranty. See Mid-City Indus. Supply Co. v. Horwitz, 132 Ill.App.3d 476, 483 (1985). The parties do not dispute that defendant Venture is indebted to plaintiff under Agreement-2, and as discussed above, there is no genuine dispute that Venture defaulted under the agreement. Finally, guarantor (defendant Merritt) admits that he executed the guaranty, which is "unconditional[ ] and irrevocabl[e]" and binds him in the event of Venture's default. Thus, plaintiff has provided sufficient evidence to establish that no reasonable jury could find in favor of defendants on Count III, and defendant has produced no evidence otherwise. The fact that defendants dispute whether Merritt signed the guaranty "[i]n order to induce Plaintiff to enter into Agreement-2 with Obligor" (i.e., with "fraudulent intention") does not raise a genuine dispute of material fact. Plaintiff does not assert a claim of fraud, and Merritt's reasons for signing the guaranty are irrelevant to the success of Count III.

Defendants' remaining argument against summary judgment on all counts is that summary judgment is premature because neither party has engaged in discovery. Defendants argue that courts have broad authority to deny summary judgment under Federal Rule 56(d), citing Hu v. Vill. of Maywood, No. 07-CV-7203, 2010 WL 276704 (N.D. Ill. Jan. 19, 2010). According to defendants, Rule 56(d) permits a court to continue or deny a motion for summary

judgment when facts "essential to justify its opposition" are not available to the nonmovant. Fed. R. Civ. Pro. 56(d). Because defendants "have not yet served interrogatories or had the opportunity to take depositions," they argue against summary judgment in plaintiff's favor. For example, defendants argue that they would depose Bridget Seifert, if given the opportunity.

The court is not convinced. Federal Rule 56 does not require that courts allow discovery before granting summary judgment. See Waterloo Furniture Components, Ltd. v. Haworth, Inc., 467 F.3d 641, 648 (7th Cir.2006). Of course, where the nonmovant cannot present facts "essential to justify its opposition," the court may order a continuance under Rule 56, and it may do so sua sponte. Fed. R. Civ. Pro. 56(f). See also Hu v. Vill. of Maywood, No. 07-CV-7203, 2010 WL 276704, at *2 (N.D. Ill. Jan. 19, 2010). That being said, Rule 56(f) requires a party seeking a continuance to state the reasons why it cannot adequately respond to the motion without further discovery, and to support those reasons by affidavit. See Hu, No. 07-CV-7203, at *2.

In this case, defendants seek outright denial of plaintiff's motion for summary judgment, not a continuance of the motion. Further, defendants do not provide the court with an affidavit explaining why they need discovery, or what they hope to find with such discovery that would support their case. To the extent that defendants seek discovery to determine plaintiff's methods of calculating damages, plaintiff has provided them with its default and acceleration calculation form. It is not clear what defendants hope to gain, given that they have not provided the court with even a skeletal constellation of facts that suggest a genuine dispute. See Smith v. OSF HealthCare Sys., 933 F.3d 859, 864 (7th Cir. 2019) ("A party seeking relief under Rule 56(d) must show by affidavit or declaration specific reasons discovery should be extended, which requires more than a fond hope that more fishing might net some good evidence.").

## **CONCLUSION**

For the reasons discussed above, the court grants plaintiff's motion for summary judgment on all counts (Doc. 6) and enters judgment in favor of plaintiff BFG Corporation and against defendants Venture Equipment, LLC, and Steven Merritt, jointly and severally, in the sum of $188,991.67.

          **ENTER:**

          **Robert W. Gettleman**
          **United States District Judge**

**DATE:  January 23, 2023**